## UNITED STATES *ex rel.* HOLZENDORF *v.* HAY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 210.   Argued April 12, 13, 1904.—Decided May 16, 1904.

The "matter in dispute," as respects a money demand, as employed in the statutes regulating appeals from the courts of the District of Columbia, has relation to justiciable demands and must be money or some right, the value of which can be ascertained in money, and which appears by the record to be of the requisite pecuniary value.

Where the averments in a petition that a mandamus be issued directing the Secretary of State to assert for the petitioner a claim against a foreign government do not state a cause of action under the principles of law of false imprisonment in this country, and do not show that the alleged wrong was actionable in such foreign country, the right to have the claim asserted is purely conjectural, and not susceptible of pecuniary estimate, and cannot be said to have the value necessary to give this court jurisdiction, and the writ must be dismissed.

THE relator, plaintiff in error, filed his petition in the Su-

---

[1] For abstract of arguments, see *ante,* p. 363.

preme Court of the District of Columbia, praying a writ of mandamus directed to the then and present Secretary of State of the United States. In substance it was averred that Holzendorf, prior to and since May, 1898, had been a naturalized citizen of the United States, and while on a visit to Germany, his native country, he was wrongfully imprisoned in an asylum for the insane at Dalldorf, near Berlin, from May 11, 1898, to July 8, 1899, when he was released by the judgment of a German court, as being "perfectly sound in mind and body." The grievance complained of was alleged to have been the act of the German Empire, and it was averred that said grievance "was manifestly in contempt of his rights as a citizen of the United States," which "oppressively deprived him of liberty, reputation and time, greatly to his cost, loss, damage and injury." Alleging a refusal by the defendant in mandamus "to proceed, on the part of the United States, to seek to obtain redress of grievance in behalf of your petitioner," it was prayed that a writ of mandamus issue, " addressed to said defendant, John Hay, the Secretary aforesaid, commanding and requiring him forthwith to institute vigorous and proper proceedings against the Empire of Germany, or Kingdom of Prussia, or both, that is to say, against the Emperor, for the recovery of five hundred thousand dollars damages, in behalf of your petitioner."

The matter was heard and an order was entered dismissing the petition. An appeal was allowed, and the Court of Appeals of the District affirmed the judgment. 20 App. D. C. 576. By writ of error the cause was then brought to this court.

*Mr. R. S. Tharin* for plaintiff in error.

*Mr. Assistant Attorney General McReynolds* for defendant in error.

Mr. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The relief demanded was denied by the court below sub-

stantially upon the ground that no legal duty rested upon the defendant to do the act the performance of which it was the purpose of the proceeding to coerce, because such act concerned the political department of the government, involving solely the exercise of official discretion, which was not subject to judicial control. Without intimating in the slightest degree that the dismissal was not justified upon the ground referred to, we are compelled to dispose of the case upon the objection made to the want of jurisdiction in this court to entertain the writ of error.

It is provided in the Code of the District of Columbia, 31 Stat. c. 854, p. 1227, as follows:

"SEC. 233. Any final judgment or decree of the Court of Appeals may be re-examined and affirmed, reversed or modified by the Supreme Court of the United States, upon writ of error or appeal, in all cases in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations as existed in cases of writs of error on judgments or appeals from decrees rendered in the Supreme Court of the District of Columbia on February ninth, eighteen hundred and ninety-three, and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States."

It is clear, therefore, unless the case is one in which the matter in dispute, exclusive of costs, exceeds the sum of five thousand dollars, we have no power to review the final judgment of the Court of Appeals in this case.

The meaning of the term " matter in dispute," as employed in prior and analogous statutes regulating appeals from the courts of the District of Columbia, has been considered in previous decisions of this court, to one only of which we shall specially refer.

In *South Carolina* v. *Seymour*, 153 U. S. 353, the court had

under consideration section 8 of the act of 1893, referred to in section 233 of the District Code, *supra*. Particularly discussing the preliminary provision conferring jurisdiction upon this court where " the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars," the court said (p. 357) :

" In order to bring a case within the first alternative, the matter in dispute, according to the settled construction, must be money, or some right the value of which can be estimated and ascertained in money, and which appears by the record to be of the requisite pecuniary value."

Now, assuming that the term " matter in dispute " may embrace a right to have a claim against a foreign government presented through the political department of the United States, and that the value of such a right may be gauged by the possible pecuniary injury which may be sustained if no such action is taken, it is yet evident that the claim under consideration is one having merely a conjectural value. The "matter in dispute," as respects a money demand, has relation to justiciable demands. Now, the averments in the petition for mandamus in this case do not, under the principles of the law of false imprisonment prevailing in this country, state a cause of action even against individuals, much less against a sovereignty; nor is it shown that the alleged wrong was actionable under the laws of Germany. So far as appears, the right to assert the demand in question upon the German Empire is merely a right to appeal to the grace of that country. The value of such a right is manifestly purely conjectural and not susceptible of a pecuniary estimate. It certainly cannot be said to have the value declared by the statute to be essential to our power to entertain a writ of error. The writ of error must therefore be

*Dismissed.*

Mr. Justice Brewer and Mr. Justice Brown think the judgment should be affirmed.